IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM AND LESLEY ATKINS, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 17-3798-PX |
| CHARLES COOK & SONS, INC., *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs William and Lesley Atkins' motion for reconsideration of this Court's order denying Plaintiffs' motion for default judgment as to Defendant Miguel Perez. ECF No. 66. The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the following reasons, Plaintiffs' motion is DENIED.

**I. Background**

William and Lesley Atkins hired Charles Cook & Sons, Inc. ("CCS") to provide plumbing services in connection with renovations to their home in Chevy Chase, Maryland. ECF No. 7 ¶¶ 8, 13. The renovation project was beset by myriad delays, and when CCS finally completed the work, the plumbing was faulty and dangerous. *Id.* ¶¶ 16–27. Inspection revealed that, among other problems, the pipes contained lead, in violation of the Safe Drinking Water Act, 42 U.S.C. §300g. *Id.* ¶¶ 28–38.

On December 22, 2017, Plaintiffs filed suit against CCS, CCS President Pamela Cook, three affiliated plumbers—Kevin Maguire, Miguel Perez, and Thomas Murphy—and Murphy's plumbing company, TEAM Plumbing (collectively "Defendants"), seeking reimbursement for damages allegedly incurred as a result of Defendants' work on the renovation. ECF No. 1. Plaintiffs subsequently twice amended their complaint. The operative Second Amended

Complaint brought claims for breach of contract, negligence, fraud, breach of warranty, promissory estoppel, strict liability, and breach of federal drinking water regulations, 42 U.S.C. § 300g, and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101 *et. seq*. ECF No. 7.  As to relief, Plaintiffs sought money damages, attorneys' fees and costs, as well as injunctive relief enjoining Defendants from using lead solder in any future plumbing projects. *Id.* at 18.

Defendants CCS, Pamela Cook, and Maguire answered the Amended Complaint (ECF Nos. 17, 24, 32), while Murphy and TEAM Plumbing moved to dismiss the claims against them. ECF No. 48-1.  Because Murphy had passed away, the Court granted the motion as to him but otherwise denied it as to TEAM Plumbing.  ECF Nos. 56, 59.  Defendant Perez failed to respond to the Amended Complaint, and on June 1, 2018, the Clerk entered default against him pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  ECF No. 31.

After the close of discovery, the parties participated in settlement discussions.  *See* ECF Nos. 44, 47.  When the parties informed the Court that the case had settled, the Court entered an order on January 31, 2020, dismissing the action pursuant to this Court's Local Rule 111.  ECF No. 61.  Colloquially termed the "Local Rule 111 Order," it provided in pertinent part:

> This Court has been advised by the parties that the above action has been settled, including all counterclaims, cross-claims and third-party claims, if any.  Accordingly, pursuant to Local Rule 111 it is ORDERED that:
>
> This action is hereby dismissed and each party is to bear its own costs unless otherwise agreed, in which event the costs shall be adjusted between the parties in accordance with their agreement.  The entry of this Order is without prejudice *to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated.  If no party moves to reopen, the dismissal shall be with prejudice.*

*Id.* (emphasis added).

Thus, as of the entry of that Order, the case was dismissed as to all parties, subject only to reopening under the terms of the Order itself.

As the 30-day deadline approached, William Atkins notified the Court that the parties had not yet consummated settlement, although "[t]he final step [was] expected to happen shortly." ECF No. 62.  The parties thus sought an additional thirty days to allow for completion of the settlement.  *Id.*  The Court granted the extension, thus enlarging the period until March 31, 2020, for any party to move to reopen the case because the settlement had not been consummated.  ECF No. 63.

As of March 31, 2020, no party moved to reopen the case for good cause and because settlement had not been consummated.  Instead on that day, Plaintiffs moved for default judgment against Perez and to otherwise dismiss the case with prejudice as to the remaining Defendants.  ECF No. 65.

The request for dismissal with prejudice was a redundancy because after March 31 the dismissal automatically converted to one with prejudice pursuant to the Local Rule 111 Order.  As to the motion for default judgment, the Court denied the motion as moot, given that the case had already been dismissed and no party had timely moved to reopen per the terms of the Order.  ECF No. 65 at 1.  In denying the default judgment motion, however, the Court erroneously stated that the date by which the parties had to request reopening on account of an unconsummated settlement ended on March 30, 2020, not March 31.  *Id.*

Plaintiffs now seek reconsideration of the Court's denial of default judgment as to Perez, arguing the Court erred in finding that the motion was untimely.  ECF No. 66 at 1.  Defendants take no position on the motion.  For the reasons discussed below, the motion is denied.

3

## II.   Standard of Review

This motion is governed by the reconsideration standards articulated in Federal Rules of Civil Procedure 59(e) and 60(b).  A motion for reconsideration filed within 28 days of the underlying order is governed by Rule 59(e).  *See Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011).  Courts recognize three limited grounds for granting reconsideration under Rule 59(e):  (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  However, a Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles A. Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pacific Ins. Co.*, 148 F.3d at 403 (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Rule 60(b) sets forth broader but overlapping bases for reconsideration.  Relevant to Plaintiffs' motion, Rules 60(b)(1) and (b)(6) allow a court to relieve "a party . . . from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Like

Rule 59(e), "[r]ule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir. 1982).

Separate and apart from the standards laid out in Rules 59(e) and 60(b), Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).  This rule is "properly utilized to perform a completely ministerial task (such as making a judgment more specific in the face of an original omission), but not to revisit the merits of the question or reconsider the matter." *Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I*, 275 F. App'x. 199, 204–05 (4th Cir. 2008) (quoting *Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994) (internal quotation marks omitted)).  In other words, "a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced."  11 Charles A. Wright *et al*., Federal Practice and Procedure § 2854 (3d ed. 2021).

**III.   Analysis**

Plaintiffs have identified no intervening change in law or new facts to support their reconsideration motion.  Rather, they urge reconsideration on the narrow ground that the Court erred when it found the enlargement of the thirty-day period in the Local Rule 111 Order ended on March 31—not March 30.  Thus, say Plaintiffs, their March 31 motion for default judgment against Perez was timely and so, this Court should have granted the motion in their favor.

Plaintiffs rightly point out that the Rule 111 period ended on March 31 and not March 30.  Accordingly, the Court corrects that oversight pursuant to Rule 60(a).  But Plaintiffs are incorrect that this mistake makes a difference.  Whether the period proscribed by the Rule 111 Order and subsequent enlargement of time ended on March 30 or March 31, the plain language of the Order

did not permit Plaintiffs to separately move for default judgment.  This is because, as of January 31, 2020, the case was already dismissed in its entirety.  *See* Loc. R. 111; ECF No. 61.  The Local Rule 111 Order also stated that the dismissal would convert to one with prejudice *unless* a party timely moved "to reopen the case for good cause in the event that settlement was not consummated."  ECF No. 61.  By its plain terms, the Local Rule 111 Order gave the parties an avenue to move to reopen the case if it had not settled.  *Id.*  And after March 31, per the Order, the case was dismissed with prejudice.  *See Barnes v. Hook*, No. DKC-08-3486, 2013 WL 6490311, at *1 (D. Md. Dec. 9, 2013) (finding motion untimely where settlement had been consummated and no motion to reopen was filed).

Plaintiffs default judgment motion clearly did not comply with the Rule 111 Order.  Nothing in the motion suggested that the settlement had not been consummated.  Nor did Plaintiffs ask that the case be reopened on any grounds whatsoever.  Thus, the motion was properly denied.

The Court separately does not find any good cause to justify reconsideration and enter default judgment now.  The Clerk had entered the initial default against Perez on June 1, 2018, a full eighteen months before the parties sought a Local Rule 111 Order.  ECF No. 31.  After that entry of default, Plaintiffs were free to move for default judgment against Perez at any point.  *See* Fed. R. Civ. P. 55; *Nat'l Liab. & Fire Ins. Co. v. Rooding*, No. ELH-15-2572, 2016 WL 5144493, at *5 (D. Md. Sept. 21, 2016) (explaining two-step default judgment process).  Plaintiffs did not so move.  Nor did they address why they waited until after the case was dismissed under Local Rule 111, or why they failed to move to reopen the case per the plain terms of the Local Rule 111 Order.  Given this history, Plaintiffs have failed to meet the heavy

burden of demonstrating good grounds to grant reconsideration. The motion is therefore DENIED.

A separate order follows.

| | |
|---|---|
| _04/30/21_ | _____/s/_____ |
| Date | Paula Xinis |
| | United States District Judge |